**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Smith, aka Isabella Pamela Vita,<br><br>    Plaintiff,<br><br>vs.<br><br>Autonation, Inc.; Autonation USA Corporation; Pitre Chrysler-Plymouth-Jeep of Scottsdale, Inc.,<br><br>    Defendants. | No. CV-10-987-PHX-DGC<br><br>**ORDER** |

Plaintiff filed suit against Defendants in May 2010, asserting sex discrimination and retaliation claims under Title VII and a claim for intentional interference with prospective economic advantage. Doc. 1. Defendants have filed a motion to compel arbitration. Doc. 25. The motion is fully briefed. Docs. 26, 29. For reasons that follow, the motion will be granted.[1]

Plaintiff signed an applicant's arbitration agreement when she applied to work for Defendants on May 14, 2007. Doc. 25-1 at 2. Plaintiff was hired on May 22, 2007 and, one week later, signed an employee arbitration agreement. *Id.* at 4-5. Defendants argue that under those agreements the Title VII and intentional interference claims asserted by Plaintiff are subject to arbitration. Doc. 25.

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1       "The standard for demonstrating arbitrability is not high."  *Simula, Inc. v. Autoliv,*
2 *Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).  The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*
3 ("FAA"), broadly provides that written agreements to arbitrate disputes "shall be valid,
4 irrevocable, and enforceable" except upon grounds that exist at common law for the
5 revocation of a contract.  9 U.S.C. § 2.  Absent a valid contract defense, the FAA "leaves no
6 place for the exercise of discretion by a district court, but instead mandates that district courts
7 *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement
8 has been signed."  *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  The district
9 court's role under the FAA is "limited to determining (1) whether a valid agreement to
10 arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."
11 *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing
12 9 U.S.C. § 4).

13       Plaintiff does not dispute that the arbitration agreements she signed (Doc. 25-1)
14 encompass the issues raised in the pleadings (Docs. 1, 16).  Instead, Plaintiff asserts that the
15 agreements are substantively unconscionable "because they are silent on how arbitration fees
16 will be allocated between the parties, and therefore the arbitration fees and costs awarded
17 against plaintiff could be prohibitive to plaintiff who is indigent."  Doc. 26 at 2.

18       "[W]here, as here, a party seeks to invalidate an arbitration agreement on the ground
19 that arbitration would be prohibitively expensive, that party bears the burden of showing the
20 likelihood of incurring such costs."  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79,
21 92 (2000); *see Kam-Ko Bio-Pharm Trading Co., Ltd.-Australasia v. Mayne Pharma (USA)*
22 *Inc.*, 560 F.3d 935, 940 (9th Cir. 2009).  Plaintiff has not met her burden given Defendants'
23 repeated and unequivocal offers to pay all arbitration fees and costs.  Docs. 25 at 7, 29 at 2;
24 *see Chamois v. Countrywide Home Loans*, No. 02Civ. 9550(MBM), 2003 WL 23022033,
25 at *4 (S.D.N.Y. Dec. 29, 2003) ("Because Countrywide has offered to pay almost all of the
26 costs of arbitration, plaintiffs have failed to satisfy their burden of showing that prohibitive
27 arbitration fees are likely."); *see also Brueggemann v. NCOA Select, Inc.*, No. 08-80606-
28 CIV, 2009 WL 1873651, at *4 (S.D. Fla. June 30, 2009); *Lowden v. T-Mobile, USA, Inc.*, No.

1  C05-1482P, 2006 WL 1009279, at *9 (W.D. Wash. Apr. 13, 2006); *Mattox v. Decision One*
2  *Mortg. Co., LLC*, No. CIV.A. 01-10657-GAO, 2020 WL 31121087, at *4 (D. Mass. Sept. 26,
3  2002).

4        Plaintiff further asserts that the arbitration agreements are procedurally
5  unconscionable "because [she] was given defendants' form documents to sign without
6  negotiation on a 'take it or leave it' basis, was not given time to read them, and did not know
7  she was agreeing to arbitrate." Doc. 26 at 5. Plaintiff does not dispute that she signed each
8  arbitration agreement. Those contracts are therefore "presumptively valid and enforceable,
9  whether or not [Plaintiff] read [them] or appreciated [their] full effect, *unless* the reasonable-
10 expectations limitation . . . applies." *Harrington v. Pulte Home Corp.*, 119 P.3d 1044, 1050
11 (Ariz. Ct. App. 2005); *see Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682
12 P.2d 388, 396 (Ariz. 1984). Terms of an agreement "are beyond the range of reasonable
13 expectation if one party to the contract 'has reason to believe that the other party would not
14 have accepted the agreement if [she] had known that the agreement contained the particular
15 term.'" *Harrington*, 119 P.3d at 1050 (quoting *Darner*, 682 P.2d at 396-97).

16       While the arbitration agreement dated May 14, 2007 appears to be part of a five-page
17 application (Doc. 25-1 at 2), the one dated May 29, 2007 is a separate, stand-alone document
18 explicitly titled "<u>Arbitration Agreement</u>" (*id.* at 4). The language of the agreement is clear
19 and plain, not "bizarre or oppressive." *Harrington*, 119 P.3d at 1050-51 (citing *Darner*, 682
20 at 397); *see Wernett v. Serv. Phoenix, LLC*, No. CIV 09-168-TUC-CKJ, 2009 WL 1955612,
21 at *4 (D. Ariz. July 6, 2009). The terms do not eviscerate non-standard terms explicitly
22 agreed to by the parties, or otherwise eliminate the dominant purpose of the transaction, that
23 is, the employment relationship agreed to on May 22, 2007. *See id.* While Plaintiff now
24 asserts that she wants to present her employment-related claims to a jury (Doc. 26-1 at 4),
25 she does not assert that, had she read the arbitration agreements, she would have declined to
26 work for Defendants.

27       Having considered the relevant factors, *see Harrington*, 119 P.3d at 1050-51, it is
28 clear to the Court that "the reasonable-expectations doctrine does not prohibit application of

the arbitration [agreements]." *Id.* at 1052; *see Wernett*, 2009 WL 1955612, at *4 (arbitration agreement that had elements of procedural unconscionability and contained several unconscionable terms was nonetheless enforceable where "there was no reason for [the employer] to believe that Wernett would not have accepted the agreement if she had known of [its] particular terms").

Plaintiff has not shown that the arbitration agreements she signed are unconscionable or otherwise unenforceable. Given the "liberal federal policy favoring arbitration," *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 725 (9th Cir. 2007), and in light of the express terms of the parties' agreements to arbitrate disputes arising out of the employment relationship (Doc. 25-1), the Court will compel arbitration and dismiss the complaint. *See Simula*, 175 F.3d at 726 (affirming dismissal to allow arbitration); *Kam-Ko*, 560 F.3d at 940 (where an arbitration agreement is found to be enforceable, the court has discretion to dismiss or stay the action to allow arbitration to proceed); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same).

**IT IS ORDERED:**

1. Defendants' motion to compel arbitration (Doc. 25) is **granted**.

2. The parties are directed to proceed to arbitration in accordance with the terms of the governing arbitration agreement (Doc. 25-1 at 4-5). Defendants are required to pay all reasonable fees and costs associated with the arbitration proceedings (*see* Doc. 29 at 2).

3. Plaintiff's complaint (Doc. 1) is **dismissed**.

4. Defendants' request for a stay is **denied** as moot.

5. The Clerk is directed to enter judgment accordingly.

DATED this 2nd day of February, 2011.

_____
David G. Campbell
United States District Judge